UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CANAL INSURANCE COMPANY, <br><br> *Plaintiff,* <br><br> v. <br><br> D&M MARKETING, LLC; <br> 1852 90th Avenue <br> Larned, KS 67550 <br><br> TRAVIS EDWARDS, <br> 402 Spring Street <br> Marysville, KS 66508 <br><br> And <br><br> L.S., a minor, by and through his <br> Mother, SHALEAH KAUFFMAN <br> 2014 W 36^TH^ Avenue <br> Kansas City, KS 66103 <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff Canal Insurance Company ("Canal"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment against Defendants D&M Marketing, LLC ("D&M Marketing"), Travis Edwards ("Edwards"), and L.S., a minor, by and through his mother Shaleah Kauffman states as follows:

### PARTIES, JURISDICTION & VENUE

1. Canal is a South Carolina insurance company with its principal place of business in Greenville, South Carolina such that it is a citizen of South Carolina.

1

2. D&M Marketing is a limited liability company organized in the State of Kansas with a principal place of business in Larned, Kansas. All members of D&M Marketing, including its owner Anita Munden, are citizens of Kansas or otherwise diverse to Canal.[1]

3. Travis Edwards is a citizen of Kansas. Edwards may be served process at the address stated above.

4. L.S. is a citizen of Kansas. L.S. may be served process through his mother, Shaleah Kauffman, at the address stated above.

5. L.S. has asserted claims against D&M Marketing and Edwards arising out of a multi-vehicle accident that occurred on April 5, 2023 on US Highway 50 in Lyon County, Kansas (the "Accident") in which L.S. sustained personal injuries and L.S.'s father, Jacob Suenram, was killed. As described more fully below, Canal issued Policy No. I-72022001-4 (the "Canal Policy") to Named Insured D&M Marketing at its address in Larned, Kansas. The Canal Policy was issued through D&M Marketing's agent Truck Insurance Mart, Inc. in Edwardsville, Kansas.

6. This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 exclusive of interest and costs and the action is between citizens of different states, in that Canal is a citizen of South Carolina and all Defendants are citizens of Kansas.

7. This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 2201(a) because this complaint seeks a judicial declaration of the rights, statuses, and legal relations of and among the parties with regard to a contract of insurance and because an actual case and controversy of a justiciable nature exists among the parties.

---

[1] To the extent the Court requires further information regarding D&M Marketing and its members being citizens of Kansas, Canal would request the opportunity to conduct discovery on this issue.

8. Venue pursuant to 28 U.S.C. § 1391 and personal jurisdiction over Defendants is proper in this Court because (a) a substantial part of the events giving rise to this dispute (including the Accident) occurred in Kansas; (b) Defendants are citizens and residents of Kansas; and (c) the Canal Policy was delivered to D&M Marketing through its Kansas insurance agent to its address in Kansas.

## FACTS COMMON TO ALL COUNTS

### A. The Accident and the numerous claims asserted.

9. Immediately prior to the Accident, Edwards was operating a commercial truck owned by D&M Marketing (the "D&M Truck") eastbound on Highway US-50. Non-party Quintia Rowe was operating another commercial truck owned by Butler Transport, Inc. (the "Butler Truck") travelling eastbound on Highway US-50 behind the D&M Truck. At the same time, non-party Timothy Hoekstra was operating a Subaru (the "Hoekstra Vehicle") westbound on US-50 with passenger Judith Hoekstra. Non-Party Ryan Miller was operating a Jeep vehicle (the "Miller Vehicle") westbound on US-50 behind the Hoekstra Vehicle. L.S.'s father, Jacob Suenram, was operating a Ford vehicle (the "Suenram Vehicle") traveling westbound on US-50 behind the Miller Vehicle with L.S. as a passenger.

10. In the Accident, the D&M Truck struck the Hoekstra Vehicle. The Hoekstra Vehicle then struck the Butler Truck. After striking the Hoekstra Vehicle, the D&M Truck struck the Miller Vehicle and the Suenram Vehicle.

11. As a result of the Accident, the following claimants have asserted claims against D&M Marketing and Edwards:

    a. The Miller Claimants for the wrongful death of decedent Ryan Miller as well as the decedent's survivorship claim;

3

  b. The Suenram Claimants for the wrongful death of decedent Jacob Suenram as well as the personal injury claims of the surviving minor passenger, L.S.;

  c. Rowe for personal injuries;

  d. Butler Transport for property damages to the Butler Truck;

  e. Aaron and Meredith Stroup for property damage; and

  f. Timothy Hoekstra and Judith Hoekstra for personal injuries and property damage.

12.  L.S. has filed a Petition against D&M Marketing and Edwards in the District Court of Lyon County, Kansas, attached hereto as Exhibit #1 and incorporated by reference as if set forth fully herein. In Count I of his Petition, L.S. alleges negligence against Edwards in operation of the D&M Truck. In Count II of his Petition, L.S. alleges a claim of vicarious/respondeat superior liability against D&M Marketing for the negligence of Edwards.

**B. The Canal Policy's Commercial Automobile Coverage Part.**

13.  The Canal Policy has a Policy Period of April 29, 2022, to April 29, 2023. The Canal Policy is attached hereto as Exhibit #2 and incorporated by reference.

14.  The Canal Policy was issued to Named Insured "D&M Marketing LLC".

15.  The Canal Policy is a multi-part insurance policy with the following coverage parts:

  a. Commercial Automobile Coverage Part;

  b. Commercial General Liability Coverage Part; and

  c. Commercial Inland Marine Coverage Part.

16.  Canal does not dispute that the Commercial Automobile Coverage Part is implicated by the various claims against D&M Marketing and Edwards identified above.

17. Canal has acknowledged its duty to defend for and retained counsel for D&M Marketing and Edwards under the Commercial Automobile Coverage Part relative to the various claims against D&M Marketing and Edwards identified above.

18. The Commercial Automobile Coverage Part of the Canal Policy has a Limit for Liability Coverage in the amount of $1,000,000 Combined Single Limit.

19. The Commercial Automobile Coverage Part of the Canal Policy is subject to the Business Auto Coverage Form which contains the following anti-stacking provision:

> **8.     Two or More Coverage Forms or Policies Issued by Us**
> If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**C.     The Commercial General Liability Coverage Part of the Canal Policy.**

20. In addition to coverage available under the Commercial Automobile Coverage Part, L.S., through counsel, has asserted that L.S.'s claims are also covered by the Commercial General Liability Coverage Part and that L.S. is entitled to additional funds from the Commercial General Liability Coverage Part in addition to any funds available under the Limit of Liability of the Commercial Automobile Coverage Part of the Canal Policy. L.S., through counsel, asserts an aggregate of $2,000,000 in coverage is available under the Canal Policy.

21. The Canal Policy's Commercial General Liability Coverage Form provides:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will

5

have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

…

**2. Exclusions**

This insurance does not apply to:

…

**g.** **Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

    **(a)** Less than 26 feet long; and

    **(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

**(5)** "Bodily injury" or "property damage" arising out of:

    **(a)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged; or

    **(b)** the operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

…

**SECTION V – DEFINITIONS**

...

2.    "Auto" means:
   a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
   b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.
   However, "auto" does not include "mobile equipment".

...

12.   "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:
    a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;
    b. Vehicles maintained for use solely on or next to premises you own or rent;
    c. Vehicles that travel on crawler treads;
    d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:
       (1) Power cranes, shovels, loaders, diggers or drills; or
       (2) Road construction or resurfacing equipment such as graders, scrapers or rollers.
    e. Vehicles not described in Paragraph **a., b., c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:
       (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well serving equipment; or
       (2) Cherry pickers and similar devices used to raise or lower workers;
    f. Vehicles not described in Paragraph **a., b., c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

    However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":
       (1) Equipment designed primarily for:
           (a) Snow removal;
           (b) Road maintenance, but not construction or resurfacing; or
           (c) Street cleaning;
       (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

7

  **(3)**  Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

22. D&M Marketing and Edwards have sought coverage of defense and indemnity from Canal under the Canal Policy.

23. L.S. and Kaufman, through whom L.S. asserts his claims, are interested parties in that they have an interest in the determination of coverage under the Canal Policy. L.S. has made a demand for payment from Canal under both the Commercial Automobile Coverage Part and the Commercial General Liability Coverage Part of the Canal Policy.

**COUNT I**
**DECLARATORY JUDGMENT – THE AIRCRAFT, AUTO OR WATERCRAFT**
**EXCLUSION EXCLUDES COVERAGE FOR L.S.'S CLAIMS UNDER THE**
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

24. Canal incorporates as if fully set forth herein the allegations contained in paragraphs 1 through 23, above.

25. No coverage exists under the Commercial Liability Coverage Part in the Canal Policy for any claims by L.S. against D&M Marketing or Edwards in connection with their alleged conduct, acts, and/or omissions as such claims relate to bodily injury arising out of the use of an "auto". The Policy contains the Aircraft, Auto or Watercraft Exclusion that expressly excludes coverage for: "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.' This exclusion applies

even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily injury' or 'property damage' involved the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft that is owned or operated by or rented or loaned to any insured." All claims asserted by L.S. arise out of the ownership, maintenance, use or entrustment of an auto. Specifically, L.S.'s allegations that Edwards was negligent in operation of the D&M Truck and that D&M Marketing is liable under the doctrines of vicarious liability and/or respondeat superior are excluded by the exclusion.

26. Canal owes no duty to indemnify or defend D&M Marketing or Edwards under the Commercial General Liability Coverage Part relative to L.S.'s claims due to the Aircraft, Auto or Watercraft Exclusion of the Commercial General Liability Coverage Part set forth above and owes no duty to indemnify D&M Marketing or Edwards under the Commercial General Liability Coverage Part with respect to any judgment that may be entered against them.

**WHEREFORE**, Canal Insurance Company respectfully prays that the Court (i) enter judgment in favor of Canal and against Defendants on Count I of this Complaint for Declaratory Judgment; (ii) declare that Canal does not owe and has never owed D&M Marketing or Edwards a duty to defend them against the claims asserted by L.S. under the Commercial General Liability Coverage Part of the Canal Policy; (iii) declare that Canal does not owe D&M Marketing or Edwards a duty to indemnify them under the Commercial General Liability Coverage Part for the claims asserted by L.S. or for any judgment that may be entered on any such claims, and; (iv) grant such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
## DECLARATORY JUDGMENT – THE ANTI-STACKING PROVISION IN THE CANAL POLICY PREVENTS INDEMNITY IN EXCESS OF THE $1,000,000 LIMIT OF LIABILITY OF THE COMMERCIAL AUTOMOBILE COVERAGE PART

27. Canal incorporates as if fully set forth herein the allegations contained in paragraphs 1 through 26, above.

28. The anti-stacking provisions of the Commercial Automobile Coverage Part provides:

> **8. Two or More Coverage Forms or Policies Issued by Us**
> If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

29. The highest applicable Limit of Insurance under the Commercial Automobile Coverage Part is $1,000,000.

30. The highest applicable Limit of Insurance under the Commercial General Liability Coverage Part is $1,000,000.

31. Pursuant to the anti-stacking provision set forth above, the aggregate maximum Limit of Insurance for the Accident is $1,000,000 even if both coverage parts apply. Canal has acknowledged the applicability of the $1,000,000 Limit of Insurance under the Commercial Automobile Coverage Part. No additional limits are available. Therefore, Canal owes no duty to indemnify D&M Marketing or Edwards under the Commercial General Liability Coverage Part with respect to any judgment that may be entered against D&M Marketing and/or Edwards.

**WHEREFORE**, Canal Insurance Company respectfully prays that the Court (i) enter judgment in favor of Canal and against defendants on Count II of this Complaint for Declaratory Judgment; (ii) declare that Canal does not owe D&M Marketing or Edwards a duty to indemnify them under the Commercial General Liability Coverage Part for the claims asserted by L.S. or for

10

any judgment that may be entered on any such claims, and; (iii) grant such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE, LLC**

*/s/ Scott D. Hofer*
Scott D. Hofer                                KS # 15787
Kevin D. Brooks                               KS # 25390
2400 Pershing Road, Suite 500
Kansas City, MO  64108-2533
(816) 471-2121
(816) 472-0288 (Fax)
Email:  shofer@bakersterchi.com
Email:  kbroooks@bakersterchi.com
**Attorneys for Plaintiff**